Date Signed:
April 1, 2015



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KEITH CLIFFORD COCKETT,<br><br>    Debtor. | Case No. 13-01918<br>Chapter 7 |
| DENNIS HASHIMOTO and<br>JESSICA HASHIMOTO,<br><br>    Plaintiffs,<br><br>  vs.<br><br>KEITH CLIFFORD COCKETT,<br><br>    Defendant. | Adv. Pro. No. 14-90020<br><br><br><br><br><br>Re: Docket No. 30, 44 |

### ORDER DENYING SUMMARY JUDGMENT ON COUNTS I AND II

In the first two counts of the complaint in this adversary proceeding, two homeowners seek a determination that their claims against an architect are not dischargeable in bankruptcy. They rely on sections 523(a)(2)(A) (count I) and 523(a)(6) (count II). The architect seeks summary judgment on those counts.

At the hearing on the motion, I said that I was inclined to deny the motion because there are genuine disputes of material fact. I took the matter under advisement to consider further the architect's argument that he has no liability (dischargeable or otherwise) to the homeowners because of Hawaii's "economic loss" doctrine.

Hawaii's version of the economic loss doctrine provides that, at least where an owner has a contract with a design professional, the owner cannot assert tort claims against the design professional to recover damages "pertain[ing] solely to the costs related to the operation and value of the building itself."[1] The doctrine "marks the fundamental boundary between the law of contracts, which is designed to enforce expectations created by agreement, and the law of torts, which is designed to protect citizens and their property by imposing a duty of reasonable care on others."[2]

In other words, the economic loss doctrine precludes tort liability. It does not limit contract liability. Therefore, even if the homeowners' interpretation of the murky contours of the economic loss doctrine is correct, the architect could still be liable to the homeowners, albeit only on a contract theory.

Of course, section 523(a)(2)(A) speaks of "fraud," which is generally a tort

---

[1] *City Express, Inc. v. Express Partners*, 87 Haw. 466, 469 (1998).

[2] *Id.* (quoting *Berschauer/Phillips Constr. Co. v. Seattle School Dist.*, 881 P.2d 986, 990 (1994)).

U.S. Bankruptcy Court - Hawaii   #14-90020   Dkt # 60   Filed  04/01/15   Page 2 of 4

concept, and section 523(a)(6) generally applies to intentional torts.[3] But it would be a mistake to import state law definitions of tort liability into the federal nondischargeability statutes.

Analyzing a nondischargeability case requires two steps.

First, there must be a "debt,"[4] which means "liability on a claim."[5] A "claim" is defined broadly as including any kind of "right to payment."[6] Generally speaking, state law governs the determination of whether there is a right to payment, and therefore whether there is a "claim" and a "debt."

Second, one must consider whether the debt is dischargeable. This is governed by the Bankruptcy Code. Interpreting the words of a federal statute is a question of federal law, not state law.

Thus, a debt could be for "fraud" or "willful and malicious injury" even if state law would not regard as tortious the conduct that gives rise to the debt. Hypothetically, a person could commit acts that give rise to both intentional tort claims and breach of contract claims. A debtor could breach a contract in a way that was "willful and malicious" or "fraudulent" under federal law. In that case, the

---

[3] *Geiger v. Kawaauhau*, 523 U.S. 57, 61 (1998) ("the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts' . . . .").

[4] 11 U.S.C. § 523(a).

[5] *Id.* § 101(12).

[6] *Id.* § 101(5).

3

plaintiff would have a state law claim that fits the category of breach of contract. At the same time, federal law would categorize that claim as nondischargeable under sections 523(a)(2)(A) or 523(a)(6). This result might seem counterintuitive, but it dovetails with the general policy of giving a fresh start to the "honest but unfortunate debtor."[7]

Therefore, even if Hawaii law bars any tort claims against the architect, the remaining contract claims might be nondischargeable, if the homeowners prove that the architect is liable for "fraud" or "willful and malicious injury" as federal law defines those phrases.

I continue to believe, for the reasons stated orally on the record at the hearing, that genuine disputes of material fact preclude summary judgment. Therefore, the motion is DENIED.

**END OF ORDER**

---

[7] *Grogan v. Garner*, 489 U.S. 279, 286-87 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

4

U.S. Bankruptcy Court - Hawaii   #14-90020   Dkt # 60   Filed 04/01/15   Page 4 of 4